**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0083-20

VIRIDIANA REGALADO,

     Petitioner-Appellant,

v.

F&B GARAGE DOOR,

     Respondent-Respondent.

_____

> Submitted April 28, 2021 – Decided June 8, 2021
>
> Before Judges Geiger and Mitterhoff.
>
> On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2018-24810.
>
> Amy L. Peterson, attorney for appellant.
>
> Padovani & Capotorto, attorneys for respondent (Brent J. Anderson, on the brief).

PER CURIAM

     Petitioner Viridiana Regalado appeals from the denial of her claim for worker's compensation benefits. The workers' compensation judge found that

petitioner's injuries fell into the recreational or social activity exception under N.J.S.A. 34:15-7 of the Workers' Compensation Act, N.J.S.A. 34:15-1 to -146, and therefore did not qualify for compensation. We affirm.

We discern the following facts from the record. Respondent sells and installs residential garage doors. The business is owned by Frida Ferrera. As an office manager, petitioner's responsibilities included processing orders, billing clients, answering phones, and other clerical work. She worked three to five days a week and was paid $82 per day.

On Friday, December 23, 2016, respondent hosted its annual holiday party at a local restaurant. Each employee was encouraged to invite a friend or family member to the event. Only respondent's employees and their guests attended; there were no clients, business associates, or vendors. Ferrera organized the annual parties to thank respondent's employees for their hard work throughout the year.

Petitioner invited her brother, as she had done in the past. Neither petitioner nor her brother drove, so Ferrera agreed to provide transportation to and from the event. On the night of the party, Ferrera and her friend, Elka Martinez, brought petitioner and her brother from their home to the restaurant. The vehicle was owned by Martinez, who was not employed by respondent.

A-0083-20

Each of respondent's guests were permitted to order food and cocktails as they pleased during the event. Everyone except Ferrera consumed alcohol. Petitioner was not paid to attend and was not compensated for her travel time.

The party ended around midnight. After Ferrera paid the bill, she left with petitioner, her brother, and Martinez. Ferrera drove to her own house, where she exited the vehicle and Martinez got into the driver's seat. Minutes after leaving Ferrera's house, Martinez's vehicle hit a parked car, flipped over, and came to rest on its roof. Petitioner and her brother were taken by ambulance to St. Joseph's Hospital from the scene of the accident. She was treated in the emergency room and discharged the next day; she was not admitted. As a result of her injuries, petitioner required surgical procedures to her neck and jaw, and now has difficulty carrying anything that weighs more than ten pounds.

In response to petitioner's claim for workers' compensation benefits, respondent argued that petitioner was not in the course of her employment at the time of the accident. Three evidentiary hearings were held. Petitioner, Ferrera, her husband Ivan, and Oscar Gutierrez testified.[1] Petitioner alleged that when she was invited, Ferrera told her she would not receive a holiday bonus if she

---

[1]  Mr. Ferrera and Gutierrez were also employed by respondent.

A-0083-20

did not attend, and that she received her bonus at the restaurant during the event. When asked if she would have attended if transportation had not been provided, she said no.

Conversely, Ferrera and Gutierrez testified that the bonuses were paid a few days before the party. Ferrera denied telling petitioner that her bonus was contingent upon her attendance. She explained that the party was optional and an employee's decision not to go would "absolutely not" affect their employment relationship with the company. Gutierrez testified, in relevant part, that he attended respondent's holiday parties in 2015 and 2016, and was paid a bonus a few days prior to the event on both occasions. He was never told that he would not receive a bonus unless he went, and always felt free to decline.

During the third hearing, petitioner presented a bank statement listing her deposit history from December 9, 2016, through January 10, 2017. It showed that $540 was deposited at an ATM on December 27, 2016. Petitioner testified that the deposit represented three days' pay, at a rate of $60 per day, as well as the $300 cash bonus she received at the party. Apparently noticing the discrepancy in her testimony, the judge asked if petitioner was actually paid $80 per day. She responded "[i]t could be, I'm not sure."

4

The judge found petitioner was not credible. He noted that she testified to being paid different amounts during separate hearings. He found portions of petitioner's testimony to be contradictory. On one hand, she was told that attendance was mandatory and that she would not receive a bonus unless she went, but on the other hand, she testified she would not have attended unless transportation had been provided. The judge assigned the bank statement "little [to] no weight," because it did not show when petitioner received the money or where it came from, only that the funds were deposited on December 27, 2016. In contrast, he found that each of respondent's witnesses had provided consistent, straightforward, and credible testimony.

In his analysis, the compensation judge noted the two-prong test established under N.J.S.A. 34:15-7 for determining compensability for an injury sustained during a recreational or social activity. He concluded that the holiday party provided no benefit to respondent other than to improve the morale of its employees. He also found that employee attendance was not mandatory, petitioner's receipt of a bonus was not contingent on her attendance, and her belief to the contrary was unsupported. Because petitioner was not within the course of her employment at the time of the accident, the judge concluded that she was not eligible for worker's compensation benefits and dismissed her claim.

A-0083-20

On appeal, petitioner argues that she reasonably believed her attendance at the party was mandatory, thereby rendering her injuries compensable. She contends that the compensation judge failed to apply the analysis set forth in Lozano v. Frank DeLuca Construction, 178 N.J. 513, 534-35, (2004), used to determine whether an employee's subjective impression of compulsion is objectively reasonable. She requests that this court reverse the order denying her claim for benefits because the Lozano factors weigh in favor of compensability.

Our scope of review of a workers' compensation judge's decision is limited to "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Close v. Kordulak Bros., 44 N.J. 589, 599 (1965) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). We defer to the judge of compensation's factual findings and legal conclusions "unless they are 'manifestly unsupported by or inconsistent with competent, relevant[,] and reasonably credible evidence as to offend the interests of justice.'" Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994) (quoting Rova Farms Resort v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)).

A-0083-20

Therefore, even where it may be inclined to do so, an appellate court "may not substitute [its] own factfinding for that of the [j]udge of [c]ompensation." Lombardo v. Revlon, Inc., 328 N.J. Super. 484, 488 (App. Div. 2000). However, "[w]e owe no particular deference to the judge of compensation's interpretation of the law." Sexton v. Cnty. of Cumberland/Cumberland Manor, 404 N.J. Super. 542, 548 (App. Div. 2009) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

An employer must compensate an employee for accidental injuries "arising out of and in the course of employment." N.J.S.A. 34:15-7. The statute excludes, however, any injuries that are sustained during "recreational or social activities." Ibid. "Simply stated, an employee injured during a [voluntary] recreational or social activity must satisfy a two-prong test to qualify for compensation under the act—the activity (1) must be a 'regular incident of employment,' and (2) must 'produce a benefit to the employer beyond improvement in employee health and morale.'" Lozano, 178 N.J. at 521. An injured employee bears the burden of proving each prong. Quinones v. P.C. Richard & Son, 310 N.J. Super. 63, 70 (App. Div. 1998) (citing Sarzillo v. Turner Constr. Co., 101 N.J. 114, 119 (1985)). Failure to satisfy either prong of the test is fatal to a petitioner's claim. Sarzillo, 101 N.J. at 120-21.

A-0083-20

If an employer has required or compelled participation in a recreational or social activity, however, the workers' compensation judge "should consider the activity as [it] would any other compensable work-related assignment." Lozano, 178 N.J. at 533. "When an employer directly commands an employee to engage in an activity, it is axiomatic that the employee has been compelled." Id. at 534. When indirect or implicit compulsion is alleged, "the injured employee must establish that he or she engaged in the activity based on an objectively reasonable belief that participation was required." Id. at 518. "Whether an employee's belief is objectively reasonable, will depend largely on the employer's conduct . . . ." Id. at 534. In Lozano, the Court identified a non-exclusive list of factors relevant to the determination:

> [1] whether the employer directly solicits the employee's participation in the activity; [2] whether the activity occurs on the employer's premises, during work hours, and in the presence of supervisors, executives, clients, or the like; and [3] whether the employee's refusal to attend or participate exposes the employee to the risk of reduced wages or loss of employment.
>
> [Ibid.]

An employee's subjective impression of compulsion alone is not sufficient. Id. at 534-35.

A-0083-20

In this case, we find no error in the compensation judge's conclusion that the holiday party was a recreational or social activity that produced no benefit to respondent, beyond its effect on employee morale. N.J.S.A. 34:15-7. After applying the factors set forth in Lozano to assess claims of indirect compulsion, we are unpersuaded that petitioner has met her burden. 178 N.J. at 534. The evidence did not establish that petitioner's invitation carried any implied expectations or threats of reprisal if she refused to attend. Nor do the time, location, or participants of the event suggest petitioner reasonably felt compelled to attend. Although Ferrera, the owner of the company, was present, the party was held outside respondent's place of employment, after work hours, and away from any clients, vendors, or the like. Only petitioner's co-workers and their friends and family members were invited. This was not a case in which an employee was implicitly expected to attend a work function in order to facilitate professional relationships, or to provide some other benefit to her employer. Rather, the evidence indicates that the holiday party was an informal company gathering, removed from any economic purpose, which petitioner could have freely chosen not to attend.

The third Lozano factor weighs heavily in respondent's favor. The basis of petitioner's claim is that she reasonably believed she needed to attend

9

respondent's event in order to be paid a bonus. Petitioner's unsupported allegations, however, were directly contradicted by testimony the compensation judge found to be credible. Ferrera and Gutierrez testified that the bonuses were paid days before the holiday parties in both 2015 and 2016, and that employee attendance has never been mandatory. Gutierrez further testified that he was never told he would not receive a bonus unless he went. Ferrera, in turn, denied telling petitioner that her bonus was contingent upon her attendance. The credible evidence thus overwhelmingly supports the compensation judge's decision that petitioner's attendance at the party was voluntary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10